**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TODD R. BRIGLIN,

Plaintiff,

v.

9:20-CV-614 (GTS/DJS)

THOMAS GIANCOLA,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

TODD R. BRIGLIN
Plaintiff, *Pro Se*
Canisteo, New York 14823

HON. LETITIA JAMES
Attorney General for the State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224

KEITH J. STARLIN, ESQ.
Assistant Attorney General

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

Plaintiff's Fourth Amended Complaint, brought *pro se*, alleges that Defendant violated his rights while he was an inmate in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 32, Am. Compl. On initial review, the District Court permitted an Eighth Amendment deliberate medical indifference claim against Defendant to proceed. Dkt. No. 24. Defendant has filed a

Motion to Dismiss the Amended Complaint for failure to state a claim. Dkt. No. 40. Plaintiff has opposed the Motion. Dkt. No. 45. Defendant has submitted a Reply, Dkt. No. 46, and Plaintiff has submitted a supplemental response, Dkt. No. 47. For the reasons which follow, the Court recommends granting in part and denying in part the Motion.

## I. BACKGROUND

Plaintiff alleges in his Fourth Amended Complaint that he was struck by a vehicle in 2015, sustaining injuries to his neck, left shoulder, mid and low back, hips, legs, and groin area. Am. Compl., p. 4. He alleges that he has since had surgeries in his legs, his abdominal wall, has had a hernia, and has had nerves cut in his lower back. *Id.* at pp. 4-5. As a result of these injuries and surgeries, he suffers pain if he sits for over twenty minutes. *Id.* at p. 5. While incarcerated at Franklin Correctional Facility, Plaintiff was transferred between Franklin and Groveland Correctional Facility a number of times for court appearances. *Id.* at pp. 5-6. Plaintiff alleges that those transport trips would take five days, with several of the days containing ten to twelve hours of travel. *Id.* at pp. 7-8. Plaintiff alleges that on these transport trips, he would be shackled and leg-cuffed to another inmate, which would cause him to fall and risk additional nerve damage. *Id.* at pp. 8-9.

Relevant to the current Motion and Plaintiff's remaining claim, the Amended Complaint alleges that on Plaintiff's last trip from Groveland to Franklin, Defendant

took Plaintiff's medically approved back brace and cane from him before boarding the bus. *Id.* at p. 10. Plaintiff alleges that he told Defendant that the devices were medically approved, and that in response, Defendant tightened the chain around Plaintiff's waist and back in retaliation for the complaint. Plaintiff told Defendant that he had passes authorizing him to have the back brace, and Defendant threatened to beat Plaintiff and have him placed in the Special Housing Unit and told him the passes were "not worth the paper they were printed on." *Id.* Plaintiff alleges that as a result, he endured twelve hours of significant pain, and that when exiting the bus at Downstate he almost fell and another inmate had to grab Plaintiff by the back of his coat, overextending his muscles, joints, and low back. *Id.* at p. 11.

Plaintiff alleges that by taking his medically approved devices and by leg-cuffing him to another inmate, Defendant showed deliberate indifference to his serious medical needs. *Id.* at p. 14. He seeks compensatory and punitive damages. *Id.* at p. 43.

## II. LEGAL STANDARD

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

The Court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Int'l Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the Plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*,

440 U.S. at 555). Thus, in spite of the deference the court is bound to give to Plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Where, as here, the complaint was filed *pro se*, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Nonetheless, a *pro se* complaint must state a plausible claim for relief. *See Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)).

## III. ANALYSIS

### A. Merits of the Eighth Amendment Claim

To state an Eighth Amendment claim, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06). For a claim such as alleged here, the inmate must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin* ("*Hathaway I*"), 37 F.3d 63, 66 (2d Cir. 1994). Deliberate indifference to serious medical needs can be stated where "prison guards [ ] intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104-105. "Plaintiff must submit some evidence that a defendant interfered with his prescribed course of treatment and caused plaintiff to suffer pain." *Guarneri v. Hazzard*, 2010 WL 1064330, at *14 (N.D.N.Y. Mar. 22, 2010) (citation omitted)

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The Second Circuit has stated that a medical need

is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

The second prong of the Eighth Amendment analysis is a subjective standard requiring a plaintiff to demonstrate that a defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. "In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety." *Wright v. Genovese*, 694 F. Supp. 2d 137, 154 (N.D.N.Y. 2010) (citing *Chance v. Armstrong*, 143 F.3d at 702). The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must draw that inference. *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837).

The Court will consider Defendant's specific arguments below in light of the applicable legal standards, two of which bear repeating. First, on this Motion, Plaintiff's allegations must be accepted as true. *Hines v. City of Albany*, 542 F. Supp. 2d 218, 225 (N.D.N.Y. 2008). Second, Plaintiff's Amended Complaint must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Hill v. Curcione*, 657 F.3d at 122. Viewed in the light of those standards, the Court recommends that the Motion be denied with respect to Defendant's substantive arguments. In making that recommendation, the Court does not opine on whether, following discovery, Plaintiff's claim might be subject to dismissal on summary judgment.

*1. Objective Prong*

Defendant contends that Plaintiff has failed to state a claim because he has not alleged a sufficiently severe medical condition to satisfy the objective component of his Eighth Amendment claim because the Amended Complaint contains insufficient detail regarding why Plaintiff needed the assistive devices, and that because Plaintiff's conditions caused him pain whenever he sat for over twenty minutes, there is no allegation that not having his devices made the conditions any worse than they would have otherwise been. Dkt. No. 40-1, Def.'s Mem. of Law, pp. 9-10. Defendant contends that the Complaint fails to set forth any facts that plausibly suggest any effects Plaintiff may have experienced presented a substantial risk of serious harm. *Id.*

Plaintiff's allegations are sufficient to establish the objective prong at this early stage of the litigation. He alleges that he suffers from significant back pain and DOCCS records reflect that he was authorized to have a back brace and cane and had work restrictions in place that limited what he could lift. Am. Compl. at pp. 10-11; Dkt. No. 45-1 at pp. 8-10. Plaintiff further alleges that as a result of not having the brace he experienced an aggravation of pre-existing injuries and significant pain. Am. Compl. at p. 11. The issuance of the permits is some evidence, on its own, of the existence of a serious medical condition. *See Walker v. Schriro*, 2013 WL 1234930, at *14 (S.D.N.Y. Mar. 26, 2013). Moreover, "[t]he question of whether persistent back pain rises to a level of constitutional significance depends upon the circumstances of the particular case presented." *Guarneri v. Hazzard*, 2010 WL 1064330, at *15 (finding issue of fact at summary judgment stage as to whether the plaintiff suffered from a serious back injury); *see also Nelson v. Rodas*, 2002 WL 31075804, at *14 (S.D.N.Y. Sept. 17, 2002) ("Severe back pain, especially if lasting an extended period of time, can amount to a 'serious medical need' under the Eighth Amendment").

*2. Subjective Prong*

Defendant contends that Plaintiff fails to state a claim as to the subjective prong because the Amended Complaint does not allege that Defendant knew that Plaintiff was in extreme pain, knew of any sufficiently serious condition suffered by Plaintiff, and knew of and disregarded an excessive risk to his health or safety. Def.'s Mem. of Law

at pp. 12-13. Defendant contends that the Complaint fails to allege that Defendant was aware of Plaintiff's pre-existing conditions, or any effects he might experience by not having his medical devices with him during the bus ride, or that he was aware that Plaintiff had a need to use his devices while on the bus. *Id.* He contends that the Amended Complaint fails to allege that Defendant was aware that Plaintiff had permission to carry the devices during transport. *Id.* at p. 13.

The Court again finds that, in the context of a motion to dismiss, Plaintiff has alleged sufficient facts to defeat the motion with respect to the subjective prong. The Amended Complaint specifically alleges that Plaintiff made Defendant aware of his need for the medical device and that he had specific authorization for their use, but that in response to that notification Defendant intentionally tightened Plaintiff's mechanical restraints, threatened to assault Plaintiff and stated the medical passes were "not worth the paper they were printed on." Am. Compl. at p. 10. Accepting these allegations as true, as the Court must on this Motion, they are sufficient facts from which a jury could conclude that Defendant acted with reckless disregard to a known substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. at 836.[1]

**B. Official Capacity Claims**

Finally, Defendant seeks dismissal of any claims that Plaintiff may be asserting against Defendant for damages in his official capacity on the basis of Eleventh

[1] These factual allegations also preclude dismissal of the Amended Complaint at this point on the basis of qualified immunity.

Amendment immunity. Def.'s Mem. of Law at p. 15. Actions for damages against a state official in his or her official capacity are essentially actions against the state. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). Therefore, the Eleventh Amendment bars all money damages claims against state officials acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Tolliver v. New York State Corr. Officers*, 2000 WL 1154311, at *2 (S.D.N.Y. Aug. 14, 2000) ("All of the defendants in this case are state officials because they are employees of the New York State Department of Correctional Services."); *see also James v. Suffolk Cty. Corr. Facility*, 2014 WL 4659300, at *5 (E.D.N.Y. Sept. 17, 2014) (stating that official capacity claims for money damages against parole officers are barred by the Eleventh Amendment). Thus, the Court recommend that Plaintiff's § 1983 claims for money damages against Defendant in his official capacity be dismissed on Eleventh Amendment grounds.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 40) be **GRANTED IN PART and DENIED IN PART**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: December 7, 2021
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge