UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TODD R. BRIGLIN,

                    Plaintiff,

v.                                       9:20-CV-0614
                                        (GTS/DJS)

THOMAS GIANCOLA, Corr. Offcr.,
f/k/a Corrections Officer G,

                    Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

TODD R. BRIGLIN
   Plaintiff, *Pro Se*
5 Maple Street, Apt. 5
Canisteo, New York 14823

HON. LETITIA A. JAMES                         KEITH J. STARLIN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
   Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Todd R. Briglin ("Plaintiff") against Thomas Giancola, an employee of the New York State Department of Corrections and Community Supervision ("Defendant") pursuant to 42 U.S.C. § 1983, are (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendant's motion to dismiss for failure to state a claim be denied except to the extent that Plaintiff seeks money damages from Defendant based on actions taken in his official capacity, (2)

Defendant's Objections to the Report-Recommendation, and (3) Plaintiff's response to Defendant's Objections. (Dkt. Nos. 48, 50, 51.)

Generally, a district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted).

Here, the Court construes Defendant's Objections as not asserting any new arguments, but as merely reiterating his original arguments. (*Compare* Dkt. No. 50, at 5-16 [Def.'s Objections, asserting arguments regarding both prongs of standard governing Eighth Amendment claim of inadequate medical care, and argument regarding qualified immunity defense] *with* Dkt. No. 40, Attach. 1, at 8-17 [Def.'s Memo. of Law, asserting the same three arguments] *and* Dkt. No. 46, at 3-9 [Def.'s Reply Memo. of Law, asserting the same three arguments].) As a result, the Court need subject the Report-Recommendation to only a clear-error review, which it easily survives.

In any event, even if the Court were to subject Magistrate Judge Stewart's Report-Recommendation to a de novo review, it would find that it survives that review: Magistrate Judge Stewart has employed the proper standards, accurately recited the facts, and correctly applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein (and the reasons set forth in Plaintiff's response to Defendant's Objections).

To those reasons, the Court would add only one point: the "factual *detail*" and/or "*specific* condition" repeatedly demanded by Defendant in his Objections (*see, e.g.,* Dkt. No. 50, at 8, 10, 11 [emphasis added]) are not actually required under Fed. R. Civ. P. 8, 10 and 12(b)(6).[1] Rather, all is required is sufficient factual allegations to plausibly suggest both the objective and subjective components of an Eighth Amendment claim. Here, those factual allegations are presented (albeit barely).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 48) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 40) is **GRANTED in part** and **DENIED in part**, as recommended in the Report-Recommendation; and it is further

---

[1] *See Bell Atlantic v. Twombly*, 550 U.S. 544, 545, 570 (2007) (Souter, J.) ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . . Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.") (emphasis added), *accord, In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'") (quoting *Twombly*, 550 U.S. at 570; emphasis added).

**ORDERED** that the remaining claim in Plaintiff's Fourth Amended Complaint (Dkt. No. 32)–i.e., his claim against Defendant for deliberate indifference to a serious medical need pursuant to the Eighth Amendment–is **DISMISSED** to the extent it seeks money damages against Defendant in his official capacity, but otherwise **SURVIVES** Defendant's motion to dismiss.

Dated: March 7, 2022
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge