**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TODD BRIGLIN,

                          Plaintiff,

     - v -                                   Civ. No. 9:20-CV-614
                                                 (GTS/DJS)

CORRECTIONS OFFICER THOMAS GIANCOLA,

                          Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

TODD BRIGLIN
Plaintiff, *Pro Se*
Greenwood, New York 14839

HON. LETITIA JAMES                 RACHAEL OUIMET, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff, formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983. The Complaint alleges that Defendant violated Plaintiff's Eighth Amendment rights by denying him access to needed medical equipment during a transport

between correctional facilities. Dkt. No. 32, Am. Compl.[1] Defendant now moves for summary judgment on the merits of that claim. Dkt. No. 67. Plaintiff opposes the Motion. Dkt. No. 72. Defendant has filed a Reply. Dkt. No. 73. For the reasons set forth below, the Court recommends that Defendant's Motion be granted.

## I. BACKGROUND

In October 2019, Plaintiff was an inmate in DOCCS custody. Am. Compl. at ¶ G; Dkt. No. 67-3, Pl.'s Dep. at p. 99. Plaintiff was confined to the Franklin Correctional Facility. Am. Compl. at ¶ G. The incident underlying this action took place on October 22, 2019 at Auburn Correctional Facility. Am. Compl. at ¶¶ S & T. Plaintiff was at Auburn only for a day, while in transit between Franklin and Groveland Correctional Facilities related to a court appearance. *See* Dkt. No. 72-1 at p. 7; Dkt. No. 67-4, Giancola Decl., ¶ 10.

As a result of being struck by a car in 2015 and a separate slip and fall incident in 2016, Plaintiff has a number of medical issues related to his back and legs. *See generally* Am. Compl. at ¶¶ A & B; Pl.'s Dep. at pp. 35-49. During his deposition he testified at some length about medical treatment he received outside of DOCCS custody. *See generally* Pl.'s Dep. He testified that he received a back brace, while not in custody, in 2016. *Id.* at p. 87. He received a cane while incarcerated at Franklin Correctional Facility. *Id.* at p. 89.

---

[1] The operative pleading in this case is Docket Number 32, the Fourth Amended Complaint which is cited throughout this opinion as Am. Compl.

DOCCS policy limits inmate access to certain types of medical devices while they are in transit. Dkt. No. 67-5, Hall Decl., Ex. B. Specifically, certain devices may remain with an inmate only with special authorization. *Id.* at p. 2. In October 2019, Defendant was working as a Corrections Officer at Auburn Correctional Facility as a transportation officer. Giancola Decl. at ¶¶ 2-3.

On October 22, Plaintiff was being prepared to board a transport bus at Auburn. Giancola Decl. at ¶ 11. Plaintiff presented to Defendant wearing a back brace and holding a cane. *Id.* at ¶ 11; Am. Compl. at ¶ S. Plaintiff maintains that on other transport trips he had been permitted to wear his brace. Pl.'s Dep. at p. 169. Defendant advised Plaintiff that he could not wear the brace on the transport without medical authorization. Giancola Decl. at ¶ 11. Plaintiff admits this occurred, but alleges that Giancola advised him of this using abusive and threatening language. Pl.'s Dep. at pp. 120-121. Plaintiff produced two medical passes to Defendant. Giancola Decl. at ¶ 11 & Ex. A. Defendant took the passes and spoke with Nurse K. Hall at Auburn to inquire about the situation. Giancola Decl. at ¶ 12; Hall Decl. at ¶ 4; Pl.'s Dep. at p. 121. Nurse Hall advised Defendant that the medical passes presented by Plaintiff were not valid because they had not been signed by a doctor. Giancola Decl. at ¶ 12; Hall Decl. at ¶ 5. Nurse Hall made that determination after speaking with Dr. Dinello, a regional medical director for DOCCS. Hall Decl. at ¶ 5. In reliance on Nurse Hall's information, Defendant confiscated Plaintiff's brace and cane and he boarded the transport without them. Giancola Decl. at ¶¶ 13-14 & 19.

3

Plaintiff alleges that he suffered severe pain as a result of being denied access to the brace and cane during his trip back to Franklin Correctional Facility. Am. Compl. at ¶ T.

## II.  STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(C); see also *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard ... they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.

4

*Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). In considering a summary judgment motion, the Court's role "is carefully limited to discerning whether there are any genuine issues of material fact to be tried." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), accord, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

#### A. Merits of the Eighth Amendment Claim

To state an Eighth Amendment claim, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that

5

mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).  For a claim such as alleged here, the inmate must demonstrate (1) a serious medical condition and (2) deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Deliberate indifference to serious medical needs can be stated where "prison guards [ ] intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104-105.  "Plaintiff must submit some evidence that a defendant interfered with his prescribed course of treatment and caused plaintiff to suffer pain." *Guarneri v. Hazzard*, 2010 WL 1064330, at *14 (N.D.N.Y. Mar. 22, 2010) (citation omitted)

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted).  Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Plaintiff alleges that he suffered from significant back pain as a result of prior injuries. Am. Compl. at ¶¶ A-D; *see generally* Pl.'s Dep. At some point, Plaintiff was issued passes by medical staff which he believed permitted him to use both a back brace and cane. Dkt. No. 68 at pp. 5 & 6. On summary judgment, the Court must view the evidence in the light most favorable to the nonmovant. *Donohue v. Hochul*, 32 F.4th 200, 206 (2d Cir. 2022). As this Court previously recognized in recommending that a motion to dismiss be denied, claims of back pain involve very fact-specific inquiries and that pain, especially when long-lasting, can constitute a sufficiently serious need for Eighth Amendment purposes. Dkt. No. 48 at p. 9 (citing cases). Under those standards, the Court presumes, solely for purposes of this Motion, that the record at least raises questions of fact as to whether he had adequately alleged "the presence of a medical condition that significantly affects an individual's daily activities." *Chance v. Armstrong*, 143 F.3d at 702.

The second element is a subjective standard requiring Plaintiff to demonstrate that a defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway v. Coughlin*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. "In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety." *Wright v. Genovese*, 694 F. Supp. 2d 137, 154 (N.D.N.Y. 2010) (citing *Chance v. Armstrong*, 143 F.3d at 702). The defendant

7

"must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837). As to this element, the Court finds that summary judgment is appropriate.

According to Defendant, upon encountering Plaintiff in the Auburn draft room he advised Plaintiff that he could not wear the back brace on the transport without medical authorization. Giancola Decl. at ¶ 11. It is then that Defendant states that Plaintiff produced medical passes to him. *Id.*[2] After this, Defendant took the affirmative step to inquire about Plaintiff's medical situation with medical staff at Auburn. Giancola Decl. at ¶ 12; Hall Decl. at ¶¶ 4-5. Plaintiff concedes that Defendant "went out and talked to the nurse." Pl.'s Dep. at p. 121. The record, therefore, is undisputed that Defendant did not ignore Plaintiff's request to have a medical accommodation on the transport. Defendant was told by Nurse Hall that the medical permits presented by Plaintiff were not valid. Hall Decl. at ¶ 5. She also advised Defendant that there was no indication in Plaintiff's medical problem list that would require him to wear a brace while being transported. *Id.* Under DOCCS policy, absent a valid authorization, inmates were not allowed to maintain possession of items like a cane or brace. *Id.* at Ex. B, pp. 2 & 4. Based on the information available to him from medical staff, Defendant did not permit Plaintiff to have the brace or cane during his transport.

---

[2] Plaintiff's deposition testimony appears to dispute this because he contends that the medical passes were not in his possession, but already on the transport bus. Pl.'s Dep. at p. 127. For purposes of this Motion, the Court accepts Giancola's version of events as the version of the facts most favorable to Plaintiff since actually seeing medical passes would, in theory, put Defendant on greater notice of a potential medical issue than merely having Plaintiff state he needed the brace.

A correctional official is "entitled to rely on [an inmate's] lack of a valid medical pass to deny him" medical accommodations. *Williams v. Smith*, 2009 WL 2431948, at *11 (S.D.N.Y. Aug. 10, 2009). Far from knowingly disregarding a risk to Plaintiff, Defendant's actions were consistent with information provided by medical staff. *See* Hall Decl. at ¶¶ 4-5. Courts have repeatedly recognized that the reliance on a medical professional's opinion "negates a finding" that a non-medically trained defendant was deliberately indifferent to an individual's medical needs. *Williams v. Bailey*, 2010 WL 3881024, at *8 (N.D.N.Y. Sept. 3, 2010), *report and recommendation adopted*, 2010 WL 3843723 (N.D.N.Y. Sept. 28, 2010); *see also Siminausky v. Sean*, 2017 WL 391425, at *4 (D. Conn. Jan. 25, 2017) (citing cases). On this record, Plaintiff has failed to establish that Defendant was aware of and disregarded a serious risk of harm to Plaintiff. When made aware of Plaintiff's medical concern, Defendant inquired of medical staff who advised that Plaintiff neither had a medical need nor proper authorization to use the cane and brace while being transported. Summary judgment, therefore, is appropriate. *Id.*; *Goodwin v. Napoli*, 2016 WL 11258221, at *6 (W.D.N.Y. Sept. 8, 2016), *report and recommendation adopted*, 2017 WL 1546475 (W.D.N.Y. May 1, 2017).[3]

## B. Qualified Immunity

The doctrine of qualified immunity provides an immunity from suit, and thus liability, for public officials acting reasonably under the circumstances presented.

---

[3] To the extent Plaintiff alleges that Defendant was verbally abusive during his exchange with Plaintiff, *see* Pl.'s Dep. at p. 120, that is not a basis for an Eighth Amendment violation. *Goodwin v. Napoli*, 2016 WL 11258221, at *6.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78-79 (2017) (internal quotation and citation omitted); *see also Behrens v. Pelletier*, 516 U.S. 299, 305 (1996). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation omitted); *see also Reichle v. Howards*, 566 U.S. 658, 664 (2012) ("To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right.") (internal quotations and citations omitted). "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009).

The record establishes that items such as a cane and back brace are generally considered contraband which inmates are not permitted to possess absent special authorization. Hall Decl. at Ex. B. When Defendant was presented with what purported to be valid authorization for Plaintiff's brace he inquired about the matter with medical staff. Giancola Decl. at ¶ 11. Defendant was told by Nurse Hall at Auburn Correctional Facility that Plaintiff did not have valid medical passes for his medical equipment. Hall Decl. at ¶ 5. Based on that representation by medical staff, Defendant denied Plaintiff permission to wear the brace. Giancola Decl. at ¶ 13. "Requiring an inmate to possess a permit for a medical assistive device has been held not to violate the Eighth Amendment's

10

proscription against cruel and unusual punishment." *Goodwin v. Napoli*, 2016 WL 11258221, at *6. "DOCCS's policies requiring the confiscation of any assistive device for which an inmate does not possess a valid medical permit are reasonably related to legitimate penological interests in maintaining safety and security within correctional facilities." *Id.* at *9. A reasonable corrections officer in Defendant's position would have believed that given the information provided by medical staff it was not a violation of Plaintiff's rights to deny access to the medical equipment for transport. Defendant, therefore, is also entitled to qualified immunity. *Id.*

For these reasons, the Court recommends that the Motion for Summary Judgment be granted.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 67) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report. Such objections shall be filed

---

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:   April 5, 2023
        Albany, New York

*/s/ Daniel J. Stewart*
Daniel J. Stewart
U.S. Magistrate Judge