UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TODD R. BRIGLIN,

                    Plaintiff,

v.                                                 9:20-CV-0614 (GTS/DJS)

THOMAS GIANCOLA, Corr. Offcr.,
f/k/a Corrections Officer G,

                    Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

TODD R. BRIGLIN
  Plaintiff, *Pro Se*
1049 Dryden Hill Road
Greenwood, New York 14839

HON. LETITIA A. JAMES                    RACHAEL OUIMET, ESQ.
Attorney General for the State of New York   Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Todd R. Briglin ("Plaintiff") against New York State Department of Corrections and Community Supervision employee Thomas Giancola ("Defendant"), is United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendant's motion for summary judgment be granted as to Plaintiff's remaining claim in this action, a claim for deliberate indifference to his serious medical needs under the Eighth Amendment. (Dkt. No. 75.) Neither

party has submitted an objection to the Report-Recommendation, and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant filings in this action, the Court finds no error in the Report-Recommendation, clear or otherwise:[1] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.

To those reasons, the Court adds only one point. Although the operative pleading in this action (Plaintiff's Fourth Amended Complaint) also asserts a claim under Title II of the Americans with Disabilities Act, Defendants are correct that such a claim had previously been dismissed **with prejudice**. (*Compare* Dkt. No. 32, at 28 *with* Dkt. No. 67, Attach. 1, at 3-4.) Although the Decision and Order so dismissing that claim stated in a footnote that various of Plaintiff's claims were dismissed without prejudice, none of those claims were Plaintiff's ADA claim, which was dismissed with prejudice. (*Compare* Dkt. No. 24, at 27, n. 20 [discussing claims that were dismissed "without prejudice"] *with* Dkt. No. 24, at 25 [not stating that Plaintiff's ADA claim was being dismissed "without prejudice," unlike the other claims referenced in the above-referenced footnote]; Dkt. No. 52, at 4.)[2]  As a result, that claim is not

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2] *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, . . . any dismissal not under this [Rule 41]–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits."); *see, e.g., Shockley v. Vermont State Colleges*, 793 F.2d 478, 488-81 (2d Cir. 1986) (observing that "Appellant's

currently pending before the Court.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 75) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 67) is **GRANTED**; and it is further

**ORDERED** that the remainder of Plaintiff's Fourth Amended Complaint (Dkt. No. 32) is **DISMISSED.**

Dated: June 1, 2023
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

pendent state contract claims were dismissed without prejudice while appellant's cause of action under Section 1983 was dismissed for failure to state a claim," and then relying on a Sixth Circuit case for the point of law that a "court may presume an adjudication on the merits where district court fails to specify otherwise [even where the plaintiff is pro se]"); *Stern v. Gen. Elec. Co.*, 942 F.2d 472, 477, n.7 (2d Cir. 1991) (noting that, "[b]ecause the district court did not state that the dismissal was without prejudice, we assume that a dismissal with prejudice was intended," and then relying on a Fourth Circuit case for the point of law that "A district court's dismissal under rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."); *cf. Kern v. Hettinger*, 303 F.2d 333, 340 (2d Cir. 1962) ("[I]n view of the unequivocal language of Rule 41(b), and the absence of the words 'without prejudice' [in the order of dismissal on defendants' motion for summary judgment], we must and do decide that [a] dismissal [that is silent as to whether it is with or without prejudice is] on the merits and that it [is] intended to be on the merits.").